## KAVANAGH, COLLECTOR OF INTERNAL REVENUE, *v.* NOBLE.

No. 70.   Argued November 18, 1947.—Decided December 22, 1947.

*Lee A. Jackson* argued the cause for petitioner. With him on the brief were *Solicitor General Perlman, Assist-*

*ant Attorney General Caudle, Arnold Raum* and *Helen R. Carloss.*

*E. M. Baynes* and *W. H. Harris* argued the cause and filed a brief for respondent.

*Reginald S. Laughlin* filed a brief as *amicus curiae.*

MR. JUSTICE MURPHY delivered the opinion of the Court.

This case is a companion to *Jones* v. *Liberty Glass Co., ante,* p. 524.

The stipulated facts show that on March 16, 1936, the respondent taxpayer filed with the Collector of Internal Revenue a joint individual income tax return for himself and his wife for the calendar year 1935. This disclosed a tax liability of $8,017.01, which was duly paid. In the return the losses and gains from sales of capital assets by the taxpayer and his wife were reported together, the losses of the wife being deducted from the gains of the husband, resulting in a net loss in excess of $2,000. This amount (the allowable limit of loss) was deducted on the return.

On June 7, 1937, the taxpayer was advised at a conference with revenue agents that there was additional income tax due for the year 1935, aggregating $421.80. The taxpayer's check, which was tendered for that amount, was later returned to him. Then by a letter dated June 11, 1937, a revenue agent notified the taxpayer that instead of a deficiency of $421.80 on the 1935 income tax return there was a deficiency of $19,973.93 and the taxpayer was furnished a computation showing the basis for such determination. The agent relied upon Article 117–5, Treasury Regulations 86, later declared void by this Court in *Helvering* v. *Janney,* 311 U. S. 189. After protest and further conference, the taxpayer gave

the agent a check for $21,527.70, covering the then proposed deficiency assessment of $19,973.93, plus interest of $1,553.77. This check was remitted to the United States Treasury, after having been received by the Collector on July 21, 1937.

On July 14, 1937, the taxpayer and his wife executed an agreement waiving certain statutory restrictions in their favor and consenting to the immediate assessment and collection against them of 1935 income tax in the principal sum of $19,973.93, plus deficiency interest of $1,553.77, which the Commissioner thereafter assessed. The agreement specified in a footnote that it was not a final closing agreement under § 606 of the Revenue Act of 1928 and that it did not therefore preclude the assertion of a further deficiency if one should be determined, nor did it extend the statutory period of limitation for refund, assessment or collection of the tax.

On January 28, 1941, the taxpayer and his wife filed a claim for refund of $21,105.90, plus interest, on the ground that there had been an illegal assessment and collection since the revenue agents had "refused to allow the losses of one spouse against the gains of the other spouse in the joint return of husband and wife." Reference was made to § 3313 of the Internal Revenue Code, specifying a four-year period of limitations. The Commissioner of Internal Revenue rejected this claim in reliance upon § 322 (b) (1) of the Revenue Act of 1934 (the same as § 322 (b) (1) of the Code), establishing a two-year period of limitations; it was pointed out that § 3313 specifically excludes income taxes from those for which a claim may be filed within four years after payment.

On July 12, 1941, the taxpayer filed his individual claim for refund of $21,527.70 paid with respect to the year 1935. The claim was on the same grounds as the claim previously filed by the taxpayer and his wife. This claim was returned with the request that the wife join

in the execution of the claim; this request was refused and the claim was returned to the Collector; once again the claim was returned to the taxpayer.

The taxpayer then brought this suit against the Collector to recover the amount alleged to be due in the refund claim. The District Court held that the decision of the Sixth Circuit Court of Appeals in *United States* v. *Lederer Terminal W. Co.,* 139 F. 2d 679, controlled the case and made it clear that the four-year period of § 3313 was applicable. Summary judgment was therefore entered for the taxpayer. 66 F. Supp. 258. The Sixth Circuit Court of Appeals affirmed *per curiam,* 160 F. 2d 104, citing its previous decision in the *Lederer Terminal* case.

For reasons which we have set forth in *Jones* v. *Liberty Glass Co., ante,* p. 524, the decision below cannot stand. The two-year period provided by § 322 (b) (1), rather than the four-year period of § 3313, governs income tax refund claims. The overpayment which brings § 322 (b) (1) into operation occurs whenever the taxpayer has paid an amount over and above his true liability. Hence, if we assume that the deficiency assessment and collection in this case were without legal authority, the taxpayer's payment of that illegal assessment was an overpayment within the meaning of § 322 (b) (1). And he had two years from the date of that payment within which to file a claim for refund. Since he did not file his claim until three and a half years after payment, the claim was out of time.

It may well be that the taxpayer's refund claim was prompted by this Court's decision in *Helvering* v. *Janney, supra,* which set aside the Treasury regulation upon which the deficiency assessment was based. That decision was rendered on December 9, 1940, and the taxpayer filed his first refund claim on January 28, 1941. But assuming that the *Janney* decision makes clear that the taxpayer

here made an overpayment, the loss which he now suffers from an application of § 322 (b) (1) is a loss which is inherent in the application of any period of limitations. Such periods are established to cut off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary. *Rosenman* v. *United States,* 323 U. S. 658, 661. Remedies for resulting inequities are to be provided by Congress, not the courts.

Moreover, it is not our province to speculate as to why Congress established a shorter period of limitations relative to the income tax than is the case of those taxes governed by § 3313. It is enough that § 322 (b) (1) creates a two-year period applicable to all income tax refund claims and that the claim in this case is of that type.

*Reversed.*

MR. JUSTICE DOUGLAS dissents.