## HONOLULU PAPER CO., Limited, v. KANNE.

### Civ. No. 758.

District Court, Hawaii.
Feb. 10, 1948.

Robert L. Forbes, of Honolulu, Hawaii (Robertson, Castle & Anthony, of Honolulu, Hawaii, of counsel), for plaintiff.

Ray J. O'Brien, U. S. Atty., of Honolulu, Hawaii, and Leland T. Atherton, Sp. Asst. to Atty. Gen., for defendant.

METZGER, District Judge.

The only question raised in this case is whether the time of filing claim for refund of over-assessment was timely within the law, or so late as to make the claim ineffective and barred by Section 322(b) (1) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 322(b) (1), which says:

"Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires later".

The return upon net income, income-defense and excess profits was for the calendar year 1940 and the tax assessed on the admittedly erroneous return upon which substantial deductions were allowable, was paid during the year 1941. Claim for refund was filed March 15, 1944, under the assumption that Section 3313 of the Internal Revenue Code, 26 U.S.C.A.Int. Rev.Code, § 3313, allowed the taxpayer four years for the filing of its claim.

The Commissioner of Internal Revenue took the position, as he uniformly had in many other cases, that the claim was not filed within the period provided for filing this class of claims; that Section 3313, allowing four years for filing certain claims for erroneous or illegal collections, was not applicable to claims of the nature in question, but that such claims must be filed under the provisions of Section 3772 of the Code, which is the same as Section 322(b) (1), above quoted.

The question was not without difficulty to the court, and this was added to by the fact that several trial courts and appellate circuit courts have held that claims of this general nature are entitled to the four year time provision of Section 3313.

Upon learning that the identical question was pending before the United States Supreme Court in the cases of Jones, Collector, v. Liberty Glass Company, from the Tenth Circuit, and Kavanagh, Collector, v. Noble, from the Sixth Circuit, I took the matter under further consideration to await the outcome of these cases. The opinion of the Supreme Court was handed down in both cases on December 22, 1947, Jones v. Liberty Glass Co., 332 U.S. 524, 68 S.Ct. 229, and Kavanagh v. Noble, 332 U.S. 535, 68 S.Ct. 235, and brought the matter to a definite end, holding that all income tax refund claims, whatever the reasons giving rise to the claims, must be filed within three years from the time the return was filed or within two years from the time the tax was paid, as provided in Section 322(b) (1), that the four year period prescribed by Section 3313 is inapplicable to such claims.

This disposes of this case. A Special Findings of Fact and Conclusions of Law will be filed and Judgment in accordance.

Special Findings of Fact.

Upon the record and evidence adduced in this case, the Court makes the following special findings of fact:

I. The facts in this case are undisputed. The taxpayer filed with the Collector of Internal Revenue at Honolulu, T. H., on March 13, 1941, its federal corporation income, income defense, and excess profits tax returns on Treasury Department Forms 1120 and 1121 for the calendar year ended December 31, 1940. Those returns disclosed a normal tax net income of $34,657.06, and income and income defense taxes of $7,813.45, and an excess profits tax net income of $32,198.15, and an excess profits

792

tax liability of $77.96, which amounts were paid to the said Collector of Internal Revenue as follows:

of America for the District of Hawaii and a resident of Honolulu at all times from on or about August 1, 1933, until his death

| Dates Paid | Income and Income Defense Taxes paid | Excess Profits Tax Paid |
|---|---|---|
| March 13, 1941 | $1,953.37 | $19.49 |
| June 16, 1941 | 1,953.36 | 19.49 |
| September 13, 1941 | 1,953.36 | 19.49 |
| December 15, 1941 | 1,953.36 | 19.49 |
| Totals | $7,813.45 | $77.96 |

II. Under date of February 1, 1944, the taxpayer was notified by the Internal Revenue Agent in Charge at Honolulu that there appeared to be overassessments of $978.65 in income and income defense tax for the year 1940, and an overassessment of $77.96 in excess profits tax for that year; and the taxpayer was given an opportunity either to protest or accept the Revenue Agent's proposed adjustments. The Revenue Agent's report also advised the taxpayer that its interest should be protected by the timely filing of a claim for refund of the overassessments disclosed for the taxable year 1940, but the taxpayer did not file its claim for refund of these taxes until March 15, 1944, which claim is the basis of the present action. The claim for refund was based on the ground that the taxpayer did not take all the deductions to which, as it later appeared, it was entitled, the total excessive assessment and overpayment amounting to $1,056.61; and in its claim for refund it took the position that the applicable limitation period is contained in Section 3313 of the Internal Revenue Code, rather than Section 322(b) (1) of that Code. The said claim for refund was rejected in its entirety by the Commissioner of Internal Revenue and the taxpayer notified of such rejection by Bureau letter dated October 31, 1944, on the ground that the claim was not timely filed within the period provided by Section 322(b) (1) of the Internal Revenue Code. This suit was instituted on October 30, 1946, less than two years after October 31, 1944, the date of the rejection of the taxpayer's claim for refund.

III. Fred H. Kanne was Collector of Internal Revenue of the United States

on December 24, 1946; and Agnes M. Kanne, the duly qualified and appointed executrix of the will and of the estate of Fred H. Kanne, deceased, was substituted as defendant in this cause by order of this Court on April 2, 1947.

Conclusions of Law.

Upon the record and evidence adduced in this case, the Court makes the following conclusions of law:

I. The taxpayer's claim for refund of its income and excess profits taxes for the year 1940 was not timely filed and was barred by Section 322(b) (1) of the Internal Revenue Code.

II. The limitation period contained in Section 3313 of the Internal Revenue Code is not applicable to the taxpayer's claim for refund here involved because its claim related to income and excess profits taxes to which the provisions of Section 322(b) (1) of the Internal Revenue Code are solely applicable. H. C. Jones, Collector v. Liberty Glass Co., 332 U.S. 524, 68 S.Ct. 229, and Kavanagh v. J. H. Noble, 332 U.S. 535, 68 S.Ct. 235, decided by the Supreme Court on December 22, 1947.

III. Accordingly, this action was not timely instituted within the terms of Section 3772 of the Internal Revenue Code.

I conclude that judgment should be entered for the defendant, and the complaint herein dismissed, together with costs assessed against the plaintiff, and that a judgment order be entered accordingly.

Entry of judgment is hereby directed to be entered in conformity with the foregoing special findings of fact and conclusions of law.