**Brenda Green SANDERLIN, Plaintiff,**

v.

**LA PETITE ACADEMY, INC., Defendant.**

**Civ. A. No. 86–180–N.**

United States District Court
E.D. Virginia,
Norfolk Division.

June 21, 1986.

Lee E. Wilder, Breit, Rutter & Montagna, Norfolk, Va., for plaintiff.

Charles V. McPhillips, Kaufman & Canoles, Norfolk, Va., for defendant.

## OPINION AND ORDER

KELLAM, Senior District Judge.

This case is presently before the Court on defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(1). In the alternative, the defendant seeks summary judgment on the issue of the timeliness of plaintiff's complaint.

### I.

Plaintiff, Brenda Green Sanderlin, a former school teacher with the defendant, La Petite Academy, filed an employment discrimination suit with this Court on March 19, 1986. In her complaint, plaintiff alleges that while employed at La Petite Academy she was forced due to pregnancy complications to leave her job without giving her employer the required 30 days notice. Thereafter, plaintiff was terminated from her job allegedly due to her pregnancy leave. As a result of this termination, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on November 5, 1984.

The EEOC dismissed her charge on December 11, 1985 and issued plaintiff a right-to-sue letter on that date. The EEOC notice was sent to plaintiff's home address at 2305 Palmetto Street, Norfolk, Virginia 23513, the address plaintiff provided to the EEOC. On December 16, 1985, the plaintiff's husband, Glenn Sanderlin, signed for and received the EEOC's right-to-sue letter that was sent to plaintiff's home. The plaintiff stated in her affidavit filed herein that she spent the week of December 16th through the 19th at her sister-in-law's home in Virginia Beach and did not actually see the EEOC's letter until December 19, 1985 when she returned home, three days after the letter arrived. According to the EEOC letter, plaintiff had "90 days from the receipt of this notice of right to sue; otherwise, your right to sue is lost." Consequently, plaintiff filed her lawsuit in this Court on March 19, 1986 at 4:50 p.m. However, defendant argued that when the plaintiff filed her complaint on March 19th, this was 92 days after the right-to-sue letter was signed for and received at plaintiff's home; therefore, plaintiff did not timely file her lawsuit within the 90 days required by law. The plaintiff, on the other hand, argues that the 90-day time period in which to file her suit started to run on December 19th when plaintiff returned home and actually received the notice, thus the 90 days expired on March 19th and plaintiff did in fact timely file her lawsuit. The issue to be resolved in this motion to dismiss is whether or not plaintiff timely filed her lawsuit within the 90-day time period as set forth in 42 U.S.C. § 2000e–5(f)(1).

### II.

■ Title VII gives an aggrieved party 90 days after the receipt of the right-to-sue letter to commence a civil action. Specifically, 42 U.S.C. § 2000e–5(f)(1) states that:

> The Commission ... shall so notify the person aggrieved and *within ninety days after the giving of such notice* a civil action may be brought against the respondent named in the charge ...

(Emphasis added). Furthermore, an aggrieved party unwilling to wait until the conclusion of the EEOC proceedings, may institute a lawsuit 180 days after a charge has been filed. *Occidental Life Insurance Co. v. EEOC,* 432 U.S. 355, 366, 97 S.Ct. 2447, 2454, 53 L.Ed.2d 402 (1977), citing with approval *EEOC v. Cleveland Mills, Co.,* 502 F.2d 153 (4th Cir.1974). The limitation periods of Title VII not only protect those who properly assert their rights, but "also protect employers from the burden of defending claims arising from employment decisions that are long past." *Delaware State College v. Ricks,* 449 U.S. 250, 256–57, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980). Civil rights limitation periods, like all other limitations of actions

> is a loss which is inherent in the application of any period of limitations. Such periods are established to cut off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary. *Rosenman v. United States,* 323 U.S. 658, 661 [65 S.Ct. 536, 537, 89 L.Ed. 535 (1945)]. Remedies for resulting inequities are to be provided by Congress, not the courts.

*Kavanagh v. Noble,* 332 U.S. 535, 539, 68 S.Ct. 235, 237, 92 L.Ed. 150 (1947).

The Fourth Circuit, unlike some of the other circuits, *see infra* III, has not addressed the specific issue of when the 90-day time period commences to run. However, the Fourth Circuit has, in several cases, ruled on the timeliness of Title VII suits. In *EEOC v. Cleveland Mills, Co.,* 502 F.2d 153, 155–56 (4th Cir.1974) (EEOC had the right to institute an action after the expiration of the 180 days following the claimant's filing of the charge), the Court discussing the limitations period of the EEOC and the aggrieved person, held:

> (t)he latter part of the section confers a private right of action upon the aggrieved person, and that private right of action is closely confined within defined time periods.... *Once the time within which a private action may be filed commences to run, it survives for a*

*period of 90 days, after which it is forever extinguished.*

(emphasis added). Similarly, in *Stebbins v. Nationwide Insurance Co.,* 469 F.2d 268, 269 (4th Cir.1972) where plaintiff filed suit 17 months after receipt of the right-to-sue letter, the Court held:

Section 2000e–5(e), 42 U.S.C., fixes the time limit for suit after receipt of such "suit letter" as "within [90] days thereafter." Unless tolled on recognized equitable grounds, this time limitation "must be strictly adhered to" and "Remedies for resulting inequities are to be provided by Congress, not the courts." *Goodman v. City Products Corp.,* Ben Franklin Div. (6th Cir.1970) 425 F.2d 702, 704, quoting from *Kavanagh v. Noble* (1947) 332 U.S. 535, 68 S.Ct. 235, 92 L.Ed. 150, which concerned a similar provision in the tax law.

In *Harper v. Burgess,* 701 F.2d 29, 30 (4th Cir.1983), the Court found that plaintiff's employment discrimination suit was untimely since it was filed after the 90–day time period even though plaintiff never received actual notice of her right to sue. Plaintiff's attorney received a copy of the letter, but the plaintiff did not "because she had moved and failed to notify the EEOC of her change of address." *Id.* at 30.

■ The filing of a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but is a requirement like the statute of limitations that is "subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). The Supreme Court further commented that "Congress intended the filing period to operate as a statute of limitation ..." *Zipes, supra,* 102 S.Ct. at 1133. The 90–day time period is not infexible, for instance the doctrine of equitable tolling may extend the 90–day time period to filing a discrimination suit after receipt of right-to-sue letter. *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 1725–26, 80 L.Ed.2d 196 (1984).

(Plaintiff filed her EEOC right-to-sue letter and the Court concluded that it did not constitute a complaint nor tolled the 90–day time limitation). The *Baldwin* court gave specific examples of when equitable tolling of the 90–days would be appropriate. *Baldwin, supra,* 104 S.Ct. at 1725–26. But none of those situations exist here.

■ The Fourth Circuit in *Harper, supra,* concluded that plaintiff's failure to notify the EEOC of her address change which resulted in her lack of actual notice did not toll the running of the 90–day time period. Furthermore, a desire to wait until the last possible day in which to file an employment discrimination suit does not warrant the equitable tolling of the 90 days. *Jones v. Madison Service Corp.,* 744 F.2d 1309, 1314 (7th Cir.1984).

■ There is no evidence before the Court that suggests that equitable tolling doctrine should be applied in order to extend the time in which plaintiff would file her suit. The plaintiff filed her suit 92 days after she was sent her right-to-sue letter. The only explanation plaintiff provides for not actually receiving the notice until three days after it arrived at her home was the fact that she was staying at her sister-in-law's house at Virginia Beach. Nevertheless, the letter was sent to the address provided by plaintiff and the letter was signed for and received by plaintiff's husband. This is not the type of case that the Supreme Court envisioned would require the application of equitable tolling doctrine in order to insure fairness to the parties. *Baldwin, supra,* 104 S.Ct. at 1725.

### III.

The plaintiff primarily relies on two cases, one Fifth and one Seventh Circuit case, for the proposition that the 90–day time limitation did not start running until December 19th when the plaintiff herself actually received notice of her right to file an employment discrimination suit. *Archie v. Chicago Truck Drivers, Helpers & Warehouse Workers' Union,* 585 F.2d 210

(7th Cir.1978); *Franks v. Bowman Transportation Co.,* 495 F.2d 398 (5th Cir.1974), *rev'd on other grounds,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). Admittedly, the facts in *Archie* are very analogous to the ones presented in this case. In *Archie,* the EEOC's right-to-sue letter was received by the plaintiff's wife but plaintiff did not actually become aware of the notice until nine days later. The Seventh Circuit, relying primarily on *Franks, supra,* held that the 90–day limitations of 42 U.S.C. § 2000e–5(f)(1) began to run when a claimant *actually* receives notice of his right to sue and not when the notice was received at his home. *Archie, supra* at 216. Likewise, *Franks* held that notice of the right to sue which was received by plaintiff's nine-year old nephew did not constitute constructive receipt and therefore the 90–day time period did not start to run until plaintiff actually received his right-to-sue letter.

The Court notes that although *Archie* is still good law in the Seventh Circuit, the Fifth Circuit has in *Espinoza v. Missouri Pacific Railroad Co.,* 754 F.2d 1247 (5th Cir.1985), recently distinguished its holding in *Franks.* In *Espinoza,* the Fifth Circuit held that the mere fact that an employee was out of town when his right-to-sue letter arrived at his home, did not toll the 90–day limitation, and consequently his lawsuit which was filed on the 92nd day after receipt of the EEOC letter was untimely. The facts in *Espinoza* are practically identical to the ones in this case and thus deserve a careful review. In *Espinoza* the EEOC mailed the plaintiff at his home address, the address provided by plaintiff, his right-to-sue letter. The notice was received by plaintiff's wife on May 4, 1983; however, the plaintiff was out of town and did not actually see the letter until he arrived back in town on May 12, 1983, eight days after his wife received the notice. The lawsuit was then filed 92 days after the letter was delivered to plaintiff's home. The Court of Appeals, affirming the district court, concluded that the 90–

day time period "was triggered by receipt of the notice at [plaintiff's] residence and that [plaintiff's] suit was therefore untimely." *Espinoza, supra* at 1249. The *Espinoza* court, disagreeing with the rationale in *Archie,* commented that 42 U.S.C. § 2000e–5(f)(1) does not establish the beginning of the 90–day period as the date when plaintiff "receives" notice, but rather the time starts to run at the "giving of such notice." *Id.* at 1249. The Court further said that

> ordinarily the purposes of the Act will be served by commencement of the ninety-day period on the date that notice is received at the address supplied to the EEOC by the claimant.

*Espinoza, supra* at 1249. The Fifth Circuit distinguished *Franks* on the grounds that the plaintiff in *Franks,* through no fault of his own, never received notice of his right to sue.[1] More importantly, the Court acknowledged that

> Both *Franks* and *Archie* were decided at a time when there was considerable uncertainty whether compliance with the ninety-day period was a jurisdictional prerequisite to suit and whether the period was subject to waiver and tolling. That uncertainty has since been eliminated ... Now that we recognize that the ninety-day period is akin to a statute of limitations, and is subject to equitable tolling, we may adopt a rule which serves the purpose of the statute while at the same time providing relief in extreme cases like *Franks.*

*Espinoza, supra* at 1250. The *Espinoza* court concluded that the giving of notice to the plaintiff at the address provided by plaintiff starts the running of the 90–day period unless plaintiff, through no fault of his own, failed to receive notice of his right to sue or unless the statute should be tolled for some other equitable reasons. *Id.* at 1250.

The plaintiff in this case, like the plaintiff in *Espinoza,* gave no equitable reasons

---

1. The Court also noted that several later decisions have characterized the *Franks'* discussion of constructive receipt as dicta. *See,* e.g. *Cooper v. Lewis,* 644 F.2d 1077, 1085 (5th Cir.1981).

for the tolling of the time period. Likewise, the plaintiff, Mrs. Sanderlin, offered no explanation for her failure to file suit within the 87 days that remained following her return home.

An Eleventh Circuit case, whereby the spouse signed for plaintiff's EEOC letter, held that receipt of the EEOC's right-to-sue notice by the spouse at his residence triggered the running of the 90 days in which a Title VII suit had to be brought rather than the plaintiff's actual receipt of the notice. *Bell v. Eagle Motor Lines, Inc.*, 693 F.2d 1086 (11th Cir.1982). *See also Law v. Hercules, Inc.*, 713 F.2d 691 (11th Cir.1983) (receipt of EEOC letter by 17-year old son commenced the running of the 90-day period).

The Eleventh Circuit held that

[w]e need not embrace the doctrine of constructive receipt, nor close our eyes to the liberal construction the act is entitled to in order to fashion a fair and reasonable rule for the circumstances of this case. *There is no reason why a plaintiff should* enjoy *a manipulable open-ended time extension which could render the statutory limitation meaningless.* Plaintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute.

*Bell, supra* at 1087 (emphasis added) (quoting *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1242 (11th Cir.1982).

### IV.

Following the more recent decisions of the Fifth and Eleventh Circuits, this Court finds that the 90-day time period in which to file an employment discrimination suit commenced when plaintiff's husband signed for the EEOC letter on December 16, 1985. Consequently, plaintiff's complaint which was filed on March 19, 1986 was filed 92 days after receipt of the notice and thus was untimely. The Court primarily relies on the following facts in concluding that the 90 days started to run when plaintiff's husband received the notice. First, the letter was sent to the address provided by plaintiff; second, plaintiff provided no explanation why the suit could not be filed in the remaining 87 days after she did receive actual notice of her right to sue; third, plaintiff did in fact receive notice of her rights only three days after the notice was received; and fourth, plaintiff give no equitable reasons why the time period should be tolled. For the above reasons, the Court finds that plaintiff's complaint filed on March 19th, 1986 was untimely; therefore, the Court GRANTS defendant's motion to dismiss and hereby ORDERS that plaintiff's complaint is DISMISSED.