Ben **WILLIAMS,** Sr. & Diana J. **Williams**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

Civil Action No. 08–522–JJB–CN.

United States District Court, M.D. Louisiana.

March 4, 2010.

Johnnie A. Jones, Sr., Timothy W. Burgmeier, Baton Rouge, LA, for Ben Williams, Sr. & Diana J. Williams.

John Joseph Gaupp, United States Attorney's Office, Baton Rouge, LA, Laura M. Conner, U.S. Department of Justice, Washington, DC, for Commissioner of Internal Revenue.

### RULING ON DEFENDANT'S SECOND MOTION TO DISMISS

JAMES J. BRADY, District Judge.

Defendant, Commissioner of Internal Revenue ("Commissioner"), filed this motion to dismiss. (Doc. 30.) Plaintiffs, Ben

Williams, Sr., and Diana J. Williams, filed an opposition. (Doc. 32.) Commissioner filed a reply. (Doc. 34.) This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. Oral argument is not necessary. After consideration of the above documents, the Court GRANTS Commissioner's motion with regard to plaintiffs' tax refund and wrongful levy claims and DENIES it to the extent that plaintiffs' seek redress under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq.

## Background

Plaintiffs filed this suit on August 18, 2008, after a decade of wrangling with the Internal Revenue Service ("IRS") over their 1998 tax liability. Plaintiffs detail a long list of difficulties surrounding efforts to resolve their 1998 tax issues; however, the facts relevant to this motion are as follows. Between December 18, 2006, and January 22, 2007, the IRS levied plaintiffs' assets for over $250,000. IRS documents confirm that these "subsequent payment levies" were made against plaintiffs' Individual Retirement Account, as well as other assets. The IRS alleges that these levies resulted from deficiencies discovered in the plaintiffs' 1998 tax return.

Plaintiffs respond that the additional levies were based on erroneous documents, including Form 1099's containing phantom earnings, filed on their behalf by others. Plaintiffs further argue that attempts to address their tax problems using out of state counsel failed when counsel allegedly accepted fees and then did not timely file necessary petitions or render any further assistance. During this time, plaintiffs also sought access to their tax files by filing pro se FOIA requests with the Treasury Inspector General for Tax Administration ("TIGTA"). TIGTA's response to the FOIA petition included some but not all records used by the IRS in determining plaintiffs' 1998 tax liability. TIGTA's response included an explanation that some documents were withheld under various FOIA exemptions provided by the tax code. Plaintiffs argue that the missing documents were withheld improperly. Plaintiffs subsequently filed this lawsuit pro se, seeking a refund of the levied funds as well as access to the withheld records. Upon order of this Court, plaintiffs then obtained counsel. However, in the interim as plaintiffs admit, certain crucial deadlines have passed.

## Law and Analysis

### Tax Refund Claims

The tax code clearly states that any tax refund claim[1] in federal district court must follow the proper filing of an administrative claim with the IRS. 26 U.S.C. § 7422(a); *PALA, Inc. Employees Profit Sharing Plan & Trust Agreement v. United States*, 234 F.3d 873, 877 (5th Cir.2000). Moreover, the Code further requires that any such administrative claim be filed "within 3 years from the time the return was filed or 2 years from the time the tax was paid," whichever is later. 26 U.S.C. § 6511(a). Courts will strain to interpret the language of § 6511 so as to avoid hardship to the taxpayer; however, the plain language of the section will not be ignored. *Glaze v. United States*, 641 F.2d 339, 343 (5th Cir.1981).

Plaintiffs argue that the subsequent payment levies caused them hardship because these levies were based on "phantom earnings" and/or were statutorily prescribed additional tax for 1998.[2] Thus, plaintiffs' refund claim amounts to

---

**1.** The parties' submissions occasionally refer to plaintiffs' "wrongful levy" claim. However, plaintiffs subsume that claim into their claim for a tax refund. *See* Am. Compl. ¶ 3.

Therefore, the Court treats the two claims as one.

**2.** Opp'n to Def.'s Second Mot. to Dismiss 4, 6.

an allegation that the IRS illegally assessed the additional 1998 tax burden. As stated above, § 7422(a) requires that a properly filed administrative refund claim predate any federal court claim based on illegally assessed taxes. Here, plaintiffs include some evidence of administrative contact with the IRS;[3] however, none of this evidence amounts to an administrative refund claim for tax year 1998. The Injured Spouse Allocation forms[4] relate to tax years 2004–07, not to tax year 1998. Moreover, the other documents[5] are IRS letters to plaintiffs reflecting changes to plaintiffs' tax accounts. These IRS letters do not reflect administrative refund claims initiated by plaintiffs. In fact, the second page of exhibit A–4 and the second page of exhibit A–5 expressly advise plaintiffs of the statutory prescription period for filing refund claims. Consequently, the Court finds that regardless of the merits of plaintiffs' phantom earnings allegations, they did not adhere to the proper procedure for filing refund claims.

■ Periods of limitation are established to cut off rights, justifiable or not, that might otherwise be asserted, and such periods of limitation must be strictly adhered to by the judiciary. *Kavanagh v. Noble*, 332 U.S. 535, 539, 68 S.Ct. 235, 92 L.Ed. 150 (1947). Because more than two years have now passed from the January 2007 levy date, plaintiffs cannot file an administrative refund claim under the statutory time limits. *See also United States v. Dalm*, 494 U.S. 596, 602, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990) (denying equitable recoupment as a sole basis of jurisdiction). Therefore, plaintiffs' current claim must be dismissed.

■ Plaintiffs cite *West Publishing Co. Employees' Preferred Stock Ass'n v. United States*, for the proposition that their case should fit into one of the "rare non-statutory exceptions" to the general prescription rules. 1972 WL 20800, *5–6 (Ct.Cl.1972) (describing exceptions for "account stated" claims and suits in "implied contract"). However, plaintiffs fail to make a persuasive argument to that effect. In fact, *West* contravenes plaintiffs' exemption argument. Plaintiffs admit that *West's* facts, and the facts in their own case, do not warrant an "account stated" exception because the government has never agreed that it owes plaintiffs any refund at all. *See id.* Similarly, plaintiffs have not alleged facts supporting an "implied contract" theory of recovery wherein the government wrongfully confiscated plaintiffs' money to pay the tax debt of a third party. *Id.* at *6. Therefore, the *West* court's analysis of tax law prescriptive periods remains in full effect here.

> The statute of limitation on the right to a refund or to recover an amount assessed and collected as a tax cannot be made to depend upon the question of whether there was any legal authority for the assessment and collection. If the plaintiff were correct in its contention in this case the statute of limitation would be practically of no force or effect. The statute of limitation is jurisdictional in this court, and when it appears, as here, that the time within which a person may bring a suit against the United States has expired, or that plaintiff has not complied with the requirements necessary to give him a right to maintain a suit, this court is without jurisdiction to entertain it.

*Id.* at *4.

■ Plaintiffs point out that they were allegedly victimized by unscrupulous and potentially malicious or negligent out of

---

**3.** Am. Compl. exhibits A to A–6.

**4.** *Id.* exhibits A, A–1, A–2, A–3.

**5.** *Id.* exhibits A–4, A–5, A–6.

state counsel. The Court is sympathetic to this possibility, and notes that a malpractice suit against such counsel might be warranted. However, past errors notwithstanding, in light of the statutory guidelines and voluminous precedent interpreting those guidelines, a suit filed in federal district court without any underlying refund claims is prescribed. As the Supreme Court has noted, remedies for inequities resulting from the strict application of these tax rules lies with Congress, not the courts. *Kavanagh*, 332 U.S. at 539, 68 S.Ct. 235. Therefore, Commissioner's motion to dismiss the tax refund claim is granted.

*Freedom of Information Act*

 The Freedom of Information Act provides a mechanism for citizens to obtain agency records that have been improperly withheld. 5 U.S.C. § 552(a)(4)(B); *Goldgar v. Office of Admin., Executive Office of the President*, 26 F.3d 32, 34 (5th Cir. 1994). Plaintiffs allege that TIGTA's June 28, 2008, response to plaintiffs' FOIA request resulted in an improper withholding of records in plaintiffs' 1998 tax file.[6] Commissioner argues that plaintiffs, acting pro se, improperly petitioned the executive in charge of the IRS, the Commissioner, for their tax file when plaintiffs should have focused their efforts on TIGTA. Plaintiffs counter that they proceeded under the assumption that TIGTA and the IRS were identical entities.

Although Commissioner is correct that TIGTA and the IRS are independent offices within the Treasury Department, sufficient grounds exist to confuse pro se petitioners regarding the proper target of a FOIA petition.[7] Therefore, the Court

finds that the interests of justice support allowing plaintiffs leave to amend their FOIA petition to name the proper agency. This disposition accords with the recent Fifth Circuit opinion, *Batton v. Evers*, in which the court allowed a plaintiff leave to amend a FOIA request to substitute the IRS for the improperly named head of that agency in their petition. 598 F.3d 169, 173 n. 1 (5th Cir.2010).

### *Conclusion*

Because plaintiffs' tax refund claim is prescribed, defendant's motion to dismiss is GRANTED. However, in the interests of justice, defendant's motion to dismiss is DENIED with regard to plaintiffs Freedom of Information Act claim. Plaintiffs are hereby granted leave to amend that petition to name the proper party.

---

6. *See* Am. Compl. ¶ VI.

7. *Compare* Bureau FOIA Requester Service Centers & FOIA Public Liaisons, http://www.ustreas.gov/foia/bureaus.html (last visited

February 23, 2010) (listing TIGTA and the IRS separately), *with* Principle FOIA Contacts at Federal Agencies, http://www.justice.gov/oip/foiacontacts.htm (last visited February 23, 2010) (listing only the IRS, not TIGTA).