MICHAEL A. SANIEWSKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Saniewski v. Commissioner
Docket No. 13659-78.
United States Tax Court
T.C. Memo 1979-337; 1979 Tax Ct. Memo LEXIS 187; 38 T.C.M. (CCH) 1295; T.C.M. (RIA) 79337; August 27, 1979, Filed Michael A. Saniewski, *188 pro se. Marguerite F. Gramza, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Marvin F. Peterson, pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181; Tax Court Rules of Practice Procedure. [2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: Respondent determined a dificiency of $832 in petitioner's 1976 Federal income tax and by amended answer increased the total deficiency to $1,218.00. [3]
*189 Since respondent has conceded petitioner is entitled to the dependency exemption claimed on his income tax return, the issues for determination are (1) whether certain payments made to petitioner's wife constitute alimony payments under section 215; and (2) whether petitioner and his wife may file a joint income tax return under section 6013(b). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. At the time of filing his petition herein, petitioner resided in washington, D.C. Petitioner filed a separate income tax return for 1976 using the tax table for unmarried individuals with the Internal Revenue Service Center, Philadelphia, Pennsylvania. Also, petitioner's wife filed a separate income tax return for 1976. During 1976 petitioner was married to Diane Saniewski. Petitioner and his wife had a six year old child and they all lived together as a family until October 14, 1976, when petitioner left his wife and daughter because of marital difficulties and moved to a separate residence in Philadelphia. At the time of his departure, petitioner left a letter for his wife which stated, in part, that he was moving to Philadelphia for the reasons *190 they had previously discussed and that he would send his wife $800 per month for support. Petitioner also suggested that his wife contact an attorney to commence divorce proceedings. Although petitioner gave his wife $2100 for support for his wife and child for the remainder of 1976, he subsequently reduced the payments to $150 per week for a period of time, and finally the payments were reduced to $75 per week.
On April 21, 1977, petitioner's wife filed an application for pendentelite support and miscellaneous other relief with the Superior Court of New Jersey, Chancery Division, Middlesex County. [4] On August 26, 1977, the Court issued an order which required, interalia, petitioner to pay $60 per week to his wife, mortgage payments, utility bills, medical expenses and premiums on existing insurance policies. Petitioner and his wife remained separated from October 14, 1976, until the parties were divorced in 1978. *191 OPINION Petitioner's basic contention is that his letter to his wife stating he would pay her $800 per month was tantamount to a written separation agreement and that the payments made during 1976 were deductible as alimony payments. The parties agree that petitioner is entitled to a deduction under section 215 only if the payments are included in his wife's income under section 71. Section 71(a)(2) provides that where a husband and wife are separated and execute a written separation agreement because of the marital or family relationship, periodic payments received by the wife under such an agreement are included in her gross income, provided the husband and wife do not file a joint income tax return. The regulations provide that the payments are included in the wife's gross income whether or not the agreement is a legally enforceable instrument. Section 1.71-1(b)(2), Income Tax Regs.
Respondent concedes that petitioner is entitled to a deduction for the support payments provided petitioner's letter constitutes a "written separation agreement" under section 71(a)(2), However, respondent contends that petitioner's letter was not a "written separation agreement" and was *192 nothing more than an offer to enter into a separastion agreement, citing Estate of Hill v. Commissioner, 59 T.C. 846, 856-857 (1973); Greenfield v. Commissioner, T.C. Memo 1978-386. Although the agreement need not be enforceable in a court of law, the agreement must be a clear statement in written form of the terms of the support. Bogard v. Commissioner, 59 T.C. 97, 101 (1972). Clearly the statute contemplates that the parties enter into an agreement. As such, there must be a meeting of the minds or understanding between the parties as to the terms. In addition, to have any resemblance of a support agreement, the document must set forth the amount of the support, the duration of the payments, and the support items covered by the payments. As it pertains to the support payments, petitioner's letter stated "* * * I will be sending you $800.00/mo. to live on. * * *" Based on the record in this case, the above statement is not a clear statement of a support agreement. This is borne out by the fact that petitioner failed to adduce evidence to show there was a clear meeting of the minds as to its terms and an acceptance by petitioner's *193 wife; which, in essence, means there never was an agreement in the first instance. Although petitioner maintains that the amount of the support payments was clearly stated, his own actions betray his contention based on the fact that the amount of the support payments was not certain. During various periods of time he paid $800 per month, $150 per week and finally $75 per week. Such performance hardly exemplifies a clear statement of the amount of the support payments. Petitioner's letter was also deficient in that no provisions were made for the term of the payments or for the items of support covered by the payments, which would be essential where a minor child is involved. Petitioner's final contention is that since his wife accepted the support payments, she accepted his offer. Following this logic, petitioner and his wife entered into a new contract each time petitioner unilaterally decided to change the amount of the payment. Obviously, such a proposition is without merit. Very simply, petitioner's wife accepted the payments because she was in need of financial aid. Further, it is unrealistic to conclude that a spouse in the middle of marital difficulties would enter *194 into an important agreement in such a casual manner. In Estate of Hill v. Commissioner, supra, and Greenfield v. Commissioner, supra, this Court held that the "written separation agreement" contemplated by the Code must be something more than a mere offer to enter into a support agreement or a written statement by one spouse designating the payments to be alimony even though the payments were accepted by the other spouse. We cannot distinguish petitioner's case and must find that petitioner's letter to his wife was nothing more than a unilateral offer of support falling far short of being a "written separation agreement" as contemplated by the Code. The remaining issue of whether petitioner and his wife may file a joint income tax return for 1976 was raised by petitioner at time of trial. Generally, section 6013(b) allows a joint return to be filed after separate returns have been filed. However, there is an exception precluding the filing of a joint return after separate returns have been filed where a notice of deficiency under section 6212 has been mailed to either spouse. Since a notice of deficiency was mailed to petitioner he *195 may not change his filing status. Accordingly, petitioner's income tax calculation must be made on the basis of a married individual filing a separate return. Because of respondent's concession, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that Rule are not applicable to this case.
3. The parties agree that respondent erroneously calculated petitioner's income tax by using the tax table pertaining to unmarried individuals since petitioner was married during the tax year.↩
4. The application was filed since petitioner was only paying his wife $75 per week and refused to contribute any additional funds for support. Petitioner's wife was earning only $30 to $35 per week and was not able to support herself and child on her earnings and the weekly payment from petitioner.↩