JEROME H. BLUMENTHAL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blumenthal v. Commissioner
Docket No. 16603-82.
United States Tax Court
T.C. Memo 1983-737; 1983 Tax Ct. Memo LEXIS 47; 47 T.C.M. (CCH) 590; T.C.M. (RIA) 83737; December 12, 1983. Jerome H. Blumenthal, pro se. John L. Simpson, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Sec. 6653 (a) [1]
Year
Deficiency
Addition to Tax
1978
$7,076.88
$353.84
1979
4,149.47
207.47
After concessions, the issue is whether petitioner is entitled to change his 1978 filing status from unmarried head of household to married filing jointly. FINDINGS OF FACT Some of the facts are stipulated and found accordingly. Petitioner, Jerome H. Blumenthal, resided in Oklahoma City, Okla., when the petition was filed herein. Petitioner is an attorney who worked as a sole practitioner in Oklahoma City during 1978. Despite getting married in late 1978, on his 1978 return petitioner cleaimed a filing status of unmarried head of household. In 1980 respondent began an audit of petitioner's 1978 reutrn. During that time petitioner *49 informed the auditing agent that he wanted to file an amended 1978 return in order to change his filing status to married filing jointly. The auditing agent told petitioner that he could not file a 1978 joint return at that time unless he paid the full amount of the tax shown on that joint return. Petitioner received a final audit report from respondent on January 22, 1982. Claiming in part that his 1978 tax liability should be based on a filing status of married filing jointly, petitioner filed a protest of the final audit report with respondent. However, when petitioner refused to consent to an extension of the statute of limitations relating to his 1978 taxable year, on April 8, 1982, respondent issued the notice of deficiency at issue herein. Thereafter, in June 1982 petitioner mailed respondent a 1978 joint return along with his payment of the amount shown as the tax on that return. Respondent refused to accept this joint return and payment. OPINION The issue is whether petitioner is entitled to change his 1978 filing status from unmarried head of household to married filing jointly. Although under section 6013(b)(1) taxpayers generally may change their filing status *50 from separate to joint, the making of such an election is limited by section 6013(b)(2) which provides in relevant part as follows: (2) Limitations for making of election.--The election provided for in paragraph (1) may not be made-- (A) unless there is paid in full at or before the time of the filing of the joint return the amount shown as tax upon such joint return; or (B) after the expiration of 3 years from the last date prescribed by law for filing the return for such taxable year (determined without regard to any extension of time granted to either spouse); or (C) after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed in section 6213; * * * Petitioner's attempt herein to change his filing status clearly violated the limitations set forth in subsections 6013(b)(2)(B) and 6013(b)(2)(C). Petitioner attempted to file a 1978 joint return in June 1982, more than three years after the last date prescribed for filing a 1978 income tax return. Additionally, he attempted to file the joint return after respondent *51 had already mailed him a notice of deficiency to which petitioner thereafter responded by filing a timely petition with this Court. Petitioner's claim that he was late in filing the joint return because the auditing agent told him to wait until the audit report was completed certainly does not excuse these violations. Petitioner received the final audit report on January 22, 1982, almost three months prior to the last date on which a 1978 joint return could have been filed pursuant to section 6013(b). Moreover, petitioner was under no obligation to accept, and respondent is certainly not bound by, any erroneous advice the auditing agent may have given petitoner. , affd. in part and revd. in part on other grounds . Accordingly, for the above reasons, petitioner is not entitled to change his 1978 filing status to married filing jointly. To reflect concessions and the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩