HENRY J. CURRIE AND BARBARA J. CURRIE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Currie v. Commissioner
Docket Nos. 8240-84, 8241-84.
United States Tax Court
T.C. Memo 1986-71; 1986 Tax Ct. Memo LEXIS 535; 51 T.C.M. (CCH) 486; T.C.M. (RIA) 86071; February 18, 1986. John Kennedy Lynch, for the petitioners. Susan M. Gray, for respondent. PAJAK
MEMORANDUM FINDINGS OF FACT AND OPINION PAJAK, Special Trial Judge: These consolidated cases were assigned pursuant to the provision of section 7456(d) and Rules 180, et seq. [1]
Respondent determined deficiencies in petitioners' 1980 Federal income taxes as follows: Addition to Tax
Docket No.
Deficiencies
Sec. 6653(a)
Henry J. Currie
$2,926.30
D.N. 8240-84
Barbara J. Currie
$ 888.00
$44.40
D.N. 8241-84
After concessions by petitioners, the only issue remaining for decision is whether petitioners are entitled to file a joint return under section 6013. To the extent stipulated, the facts are so found. *537 Petitioners resided in Cleveland, Ohio, at the time they filed their respective petitions. At all relevant times, petitioners were married to each other. Nevertheless, each petitioner filed a separate return for 1980. Petitioner Henry J. Currie (Henry) indicated his filing status as "single." Petitioner Barbara J. Currie indicated her filing status as "married filing separate return." Respondent made various adjustments in the separate notices of deficiencies mailed to each of the petitioners. Respondent also determined that Henry was not entitled to file his return under the single status and used the rates applicable to married persons filing separately. Petitioners have conceded all of the adjustments and the addition to tax made by respondent in the notices of deficiencies, except that they claim that they are entitled to file a joint income tax return with the tax rates applicable to married persons filing jointly. They base this claim on the assertion that they filed their amended joint return before filing their petitions. Respondent contends that even if their assertion is correct, petitioners are foreclosed from filing a joint return by section 6013(b)(2)(C). *538 On December 30, 1983, respondent mailed separate notices of deficiencies to petitioners. On March 29, 1984, petitioners filed their respective petitions with the Court, together with an executed copy of a Form 1040X which is alleged to be a copy of an amended joint return. The copies of a Form 1040X (amended joint return) attached to petitioners' petitions were dated "3/19/84." The copy of the Form 1040X received in evidence was dated "3-22-84." The check which purportedly accompanied a Form 1040X was dated "March 25, 1984." Respondent has no record of the filing of a Form 1040X. When respondent inquired by letter about the nature of the March 25, 1984 Check, counsel for petitioners responded on the back page of that letter with the notation that it related to a "1040X" for 1980 which was filed "3-25-84." At best, petitioners' evidence showed that they filed an amended joint return with the Internal Revenue Service after the notices of deficiency were issued.Even if we accepted petitioners' position, that is not enough. Under section 6013(b)(1), a husband and wife who have filed separate returns may subsequently elect to file a joint return under certain conditions. Under *539 section 6013(b)(2)(C), such election can not be made "after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed in section 6213." In brief, a married taxpayer who has not filed a joint return before a notice of deficiency was issued to that taxpayer cannot elect to file a joint return if that taxpayer timely petitions the Tax Court. . Under the clear language of the statute, the right of each petitioner to elect to file a joint return after having first filed separate returns was terminated after respondent mailed a notice of deficiency to a spouse and that spouse timely filed a petition with the Tax Court with respect to the taxable year in issue. Section 6013(b)(2)(C); , affd. on this issue . The statutory language is clear and unambiguous. This Court has no authority to expand the explicit terminology of the statute. . *540 We must apply the law as written. On this record, we must sustain respondent's determinations. Decisions will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as in effect during the taxable year in issue, unless indicated otherwise. All rule references are to the tax Court Rules of Practice and Procedure.↩