# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3175

_____

| | |
|---|---|
| Richard A. Peterson; Jane Peterson, on their own behalf, and on behalf of the shareholders of Peterson Turkey Hatchery, Inc., an S Corporation, | * * * * * |
| Appellants, | * Appeal from the United States * District Court for the District * of Minnesota. |
| v. | * |
| | * [UNPUBLISHED] |
| United States of America, | * * |
| Appellee. | * |

_____

Submitted: May 17, 2001

Filed: May 24, 2001

_____

Before LOKEN, ROSS, and FAGG, Circuit Judges.

_____

PER CURIAM.

In 1994 and 1995, Peterson Turkey Hatchery, Inc. (PTH), a Subchapter S corporation and cash-basis taxpayer, paid for turkey feed to be used in the next fiscal year, and claimed a tax deduction for the prepayments in the year they were made. After a 1996 audit, the Internal Revenue Service disallowed the deductions. Shareholders of PTH, Richard A. Peterson and Jane Peterson, paid an estimated tax

and brought this action against the United States for a refund. The district court[*] granted summary judgment in the Government's favor. The district court recognized that according to Revenue Ruling 79-229, a deduction for prepaid feed expenses may be taken when, among other things, the prepayment is made for a valid business purpose and not merely for tax avoidance. See Keller v. Commissioner, 725 F.2d 1173, 1176 (8th Cir. 1984). The district court concluded the business advantages alleged by the Petersons either did not exist or were attainable without the prepayment, and thus, the Petersons failed to create a genuine issue of material fact about whether the prepayments were made for a valid business purpose and not merely for tax avoidance.

On appeal, the Petersons assert the district court should not have applied Revenue Ruling 79-229 because it is not binding and its validity is in question. We disagree. A revenue ruling is the I.R.S.'s official interpretation about how the laws apply to a set of facts. As the district court recognized, although Revenue Rulings are not binding, they are authoritative. See Oetting v. United States, 712 F.2d 358, 362 & n.3 (8th Cir. 1983). We have already recognized Revenue Ruling 79-229, which has a long and consistent history, is a reasonable construction of the Internal Revenue Code and its regulations with respect to prepayments. See Keller, 725 F.2d at 1178-79. Because the construction is reasonable, "it attracts substantial judicial deference." United States v. Cleveland Indians Baseball Co., No. 00-203, 2001 WL 376554, at *12 (U.S. Apr. 17, 2001). The Petersons contend Internal Revenue Code § 464 overrules Revenue Ruling 79-299, but the Petersons failed to raise this contention in the district court and we need not consider it. Besides, the contention is without merit because Revenue Ruling 79-229 was issued after the enactment of I.R.C. § 464.

---

[*]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

The Petersons also assert the district court improperly found facts in rejecting their stated business purposes for the prepayment. Having carefully reviewed the record, we disagree. The district court correctly held the Petersons failed to carry their burden to show genuine issues of material fact precluded summary judgment against them. We affirm for the reasons stated by the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.