T.C. Memo. 2014-8

UNITED STATES TAX COURT

ISAAK ABDI IBRAHIM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27892-12.                    Filed January 13, 2014.

<u>Kathryn J. Sedo</u>, for petitioner.

<u>Jeremy J. Eggerth</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, <u>Judge</u>:  Respondent determined a deficiency of $6,753 in

petitioner's Federal income tax for 2011.  The issues for decision are (i) whether

petitioner is entitled to file a joint return under section 6013,[1] (ii) whether

---

[1]Unless otherwise indicated, section references are to the Internal Revenue

(continued...)

**[*2]** petitioner qualifies for the earned income credit (EIC), and (iii) whether

petitioner is entitled to dependency exemption deductions and child tax credits for

minor children K.F. and A.F.,[2] who were not originally claimed as dependents on

petitioner's 2011 tax return. Petitioner resided in Minnesota at the time he filed

his petition.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. We incorporate by

reference the stipulation of facts and attached exhibits.

Petitioner, his wife Rukia Hassan, and their four children resided in

Minneapolis, Minnesota, at the time his petition was filed. Petitioner's wife is the

widow of petitioner's half-brother, who was the biological father of the four

children currently residing with petitioner and his wife. Petitioner and Rukia

Hassan are immigrants from Somalia and cannot speak, read, or write English.

Petitioner timely filed his 2011 Form 1040A, U.S. Individual Income Tax

Return. Petitioner and his wife used Oday Tax Service (Oday) to prepare separate

tax returns since employees there spoke Somali. Petitioner claimed head of

---

[1](...continued)
Code in effect for the year in issue, and all Rule References are to the Tax Court
Rules of Practice and Procedure.

[2]The Court refers to minor children by their initials. See Rule 27(a)(3).

[*3] household filing status on his return, and his wife claimed single filing status on her return. Petitioner claimed two dependents on his 2011 return, minor children S.F. and Z.F., but did not include the two other minor children, K.F. and A.F.

Respondent timely sent a notice of deficiency to petitioner for his 2011 tax year. Petitioner filed a petition with the Court to challenge the deficiency. Before receipt of the notice of deficiency and the filing of petitioner's petition, petitioner did not elect to file an amended joint return with his wife for tax year 2011.

OPINION

I.    Burden of Proof

Respondent's determination as to petitioner's tax liability is presumed correct, and petitioner bears the burden of proving otherwise. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace. Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. at 440 (1934). Taxpayers must comply with specific requirements for any deductions claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. at 440. Likewise, a taxpayer is obliged to demonstrate entitlement to an advantageous filing status. See Smith v. Commissioner, T.C. Memo. 2008-229.

**[*4]** II.     <u>Filing Status</u>

Respondent determined that petitioner's correct filing status for 2011 was married filing separately rather than head of household.  Section 1(b) provides a special tax rate for an individual who qualifies as a head of household.  As relevant to petitioner, an individual is eligible to file as a head of household "if, and only if, such individual is not married at the close of his taxable year".  Sec. 2(b)(1).  Since petitioner was legally married to his wife, Rukia Hassan, at the close of tax year 2011, respondent asserts that petitioner is not eligible to file as a head of household.  Section 1(d) requires that the taxable income of every married individual who does not file a joint return with his spouse be taxed at the tax rates for married individuals filing separately.  Thus, respondent asserts that since petitioner and Rukia Hassan filed separate tax returns for 2011, petitioner's correct filing status is married filing separately.  Petitioner asserts that he is entitled to amend his return to elect married filing jointly filing status which would afford him the tax rate structure set out in section 1(a).

Petitioner's main argument is that he was incorrectly advised by Oday as to his filing status and so should be allowed to file an amended return for 2011.

Section 6013(b)(1) allows an individual who has filed a "separate return" for a taxable year in which the individual could have filed a joint return with his

**[*5]** spouse to amend his return to elect joint filing status. Section 6013(b)(2) enumerates four limitations on filing an amended return under section 6013(b)(1). Section 6013(b)(2)(B) specifically bars taxpayers from electing to file a joint return after filing a separate return "after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed in section 6213". As noted above, petitioner filed a timely petition with the Court challenging respondent's deficiency notice. As a result, petitioner is specifically barred by section 6013(b)(2)(B) from filing a joint return with Rukia Hassan.

Petitioner argues that, notwithstanding the explicit bar of section 6013(b)(2)(B), he is allowed to change his filing status because he has not previously filed a "separate return" as that term is defined in section 6013(b). Petitioner asserts that if no "separate return" has been filed, the limitation laid out in section 6013(b)(2)(B) does not apply, and he should be allowed to change his filing status to married filing jointly. In support of this argument, petitioner cites decisions in the Courts of Appeals for the Fifth and Eleventh Circuits. In Glaze v. United States, 641 F.2d 339 (5th Cir. 1981), the Court of Appeals for the Fifth Circuit held that "separate return" as used in section 6013(b) refers only to married

**[*6]** filing separately status and not to any other filing status, including, as here, head of household. Through <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted all prior decisions by the Court of Appeals for the Fifth Circuit as binding precedent on all Federal courts within the Eleventh Circuit. As a result of <u>Bonner</u>, <u>Glaze</u> is binding precedent within both the Fifth and Eleventh Circuits.

We are bound by the precedent of the Court of Appeals to which an appeal from this case would lie. See <u>Golsen v. Commissioner</u>, 54 T.C. 742, 757 (1970), <u>aff'd</u>, 445 F.2d 985 (10th Cir. 1971). Consequently, we follow the decisions of the Court of Appeals for the Eighth Circuit which are squarely on point in deciding this case. See <u>id.</u> That Court of Appeals has not directly addressed the issue in this case, but numerous court cases announce precedent that is contrary to the holding in <u>Glaze</u>. Outside of the Fifth and Eleventh Circuits, we are not bound by <u>Glaze</u>.

Petitioner's argument ignores such contrary precedent. This Court has consistently held that section 6013(b)(2) applies to married taxpayers who file returns with an incorrect status, such as head of household or single filer. See, e.g., <u>Currie v. Commissioner</u>, T.C. Memo. 1986-71; <u>Blumenthal v. Commissioner</u>, T.C. Memo. 1983-737; <u>Saniewski v. Commissioner</u>, T.C. Memo. 1979-337; <u>see</u>

**[*7]** also Phillips v. Commissioner, 86 T.C. 433, 439 (1986) ("[W]e believe that that reading of section 6013(b) [in Glaze] is too narrow[.]"), aff'd in part, rev'd in part on another issue, 851 F.2d 1492 (D.C. Cir. 1988).

Additionally, both the Office of Chief Counsel and the Internal Revenue Service have announced they will not follow Glaze. See Rev. Rul. 83-183, 1983-2 C.B. 220; Action on Decision 1981-140 (June 2, 1981). In declining to follow Glaze, the Office of Chief Counsel and the Internal Revenue Service noted that the legislative history of section 6013(b) does not indicate that "separate return" is limited to married filing separately, as Glaze pronounced. This rationale is supported by the fact that Congress enacted the predecessor statute to section 6013(b) in 1951 but did not establish a separate rate structure for married taxpayers filing separately until 1969. See Tax Reform Act of 1969, Pub. L. No. 91-172, sec. 803(a), 83 Stat. at 676.

As previously mentioned, appeal would lie to the Court of Appeals for the Eighth Circuit. The holding in Glaze is not controlling in the Eighth Circuit, and we follow prior court precedent holding that section 6013(b)(2)(B) bars a taxpayer who has filed a return with single or head of household filing status for a tax year and in response to a notice of deficiency for that year has filed a petition with this Court from changing his filing status to married filing jointly. Although

**[\*8]** petitioner's case produces an unfortunate result, we cannot depart from the clear bar of section 6013(b)(2)(B) and must apply the law as it is written. Thus, petitioner is ineligible to elect to amend his return to file jointly with his spouse.

III.    Earned Income Credit

Section 32(a)(1) provides an eligible individual with an earned income credit (EIC) against the individual's income tax liability, subject to a phaseout in section 32(a)(2). To be considered an eligible individual, a married taxpayer must file a joint return. Sec. 32(d). Petitioner was married in 2011 but filed a separate return for that year. He is now prohibited from filing a joint return by section 6013(b)(2)(B). Hence, petitioner is not an eligible individual under section 32(a)(1) and may not claim the EIC for 2011.

IV.    Dependency Exemption Deductions and Child Tax Credit

The Internal Revenue Code allows as a deduction an exemption for each dependent of a taxpayer in computing taxable income. See sec. 151(c). Section 152(a) defines a dependent as a qualifying child or qualifying relative of the taxpayer. In addition to meeting other requirements, a qualifying child must be a child, brother, sister, stepbrother, stepsister, or descendant of such relatives of the taxpayer. Respondent has conceded that petitioner is entitled to deductions for two of petitioner's four children, S.F. and Z.F. Petitioner did not claim two other

[*9] minor children, A.F. and K.F., as dependents on his 2011 tax return. Petitioner now wishes to claim one or both omitted children as dependents on an amended return. Respondent has conceded that A.F. and K.F. meet the relationship test as both the nieces and stepchildren of petitioner. However, petitioner has not substantiated his claim that A.F. and K.F. are his qualifying children, and we are constrained to rule only on the facts in evidence.[3] Since petitioner has not met his burden of proof, A.F. and K.F. are not qualifying children of petitioner for 2011. Petitioner has also not asserted that A.F. and K.F. are qualifying relatives under section 152(d). Petitioner is not entitled to the dependency exemption deductions with respect to A.F. and K.F. for 2011.

Under section 24(a), a taxpayer may claim a child tax credit with respect to each qualifying child of the taxpayer. Since A.F. and K.F. are not qualifying children of petitioner for 2011, petitioner is not entitled to the child tax credits with respect to A.F. and K.F. for 2011.

## Conclusion

For the reasons discussed herein, petitioner is barred by section 6013(b)(2)(B) from amending his 2011 return to elect married filing jointly status.

---

[3]Additionally, it appears that petitioner's wife, Rukia Hassan, claimed K.F. on her 2011 tax return and received an EIC for K.F.

[*10] Petitioner is also not allowed the earned income credit. Petitioner may not claim minor children A.F. and K.F. as dependents for purposes of the dependency exemption deduction and the child tax credit. Respondent's determination is therefore sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.