# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2070

_____

Isaak Abdi Ibrahim

*Appellant*

v.

Commissioner of Internal Revenue

*Appellee*

_____

Appeal from United States Tax Court

_____

Submitted: February 11, 2015
Filed: June 10, 2015

_____

Before BYE, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Isaak Abdi Ibrahim and his wife are immigrants from Somalia with very limited English. In 2011, Oday Tax Service, whose employees spoke Somali, prepared the couple's returns. Ibrahim's return claimed "head of household" status, which was improper because he was living with his wife.

After receiving a notice of deficiency, he filed a petition with the Tax Court, seeking to change his status to "married filing jointly" to receive a credit and refund. The Internal Revenue Code prohibits joint returns after a taxpayer has filed a "separate return," received a deficiency notice, and filed a petition. **26 U.S.C. § 6013(b)**. Following its precedent,[1] the Tax Court ruled that because head-of-household returns are separate returns, Ibrahim was prohibited from filing jointly (leaving him as "married filing separately"). ***Ibrahim v. Comm'r***, 107 T.C.M. (CCH) 1050, 1052 (2014). Having jurisdiction under § 7482, this court reverses and remands.

I.

A decision of the Tax Court is "subject to the same review . . . as a similar order of a district court." **§ 7482(a)(3)**. "The Tax Court's conclusions of law are reviewed de novo and findings of fact are upheld unless clearly erroneous." ***Morehouse v. Comm'r***, 769 F.3d 616, 619 (8th Cir. 2014).

Section 6013(b)(1) states (emphases added):

Except as provided in paragraph (2), if an individual has filed a *separate return* for a taxable year for which a joint return could have been made by him and his spouse under subsection (a) and the time prescribed by law for filing the return for such taxable year has expired, such individual and his spouse may nevertheless make a joint return for such taxable year. A joint return filed by the husband and wife under this subsection shall constitute the return of the husband and wife for such taxable year, and all payments, credits, refunds, or other repayments made or allowed with respect to the *separate return* of either spouse for

---

[1]*See, e.g.*, ***Currie v. Comm'r***, 51 T.C.M. (CCH) 486 (1986); ***Blumenthal v. Comm'r***, 47 T.C.M. (CCH) 590 (1983); ***Saniewski v. Comm'r***, 38 T.C.M. (CCH) 1295 (1979).

such taxable year shall be taken into account in determining the extent to which the tax based upon the joint return has been paid. If a joint return is made under this subsection, any election (other than the election to file a *separate return*) made by either spouse in his *separate return* for such taxable year with respect to the treatment of any income, deduction, or credit of such spouse shall not be changed in the making of the joint return where such election would have been irrevocable if the joint return had not been made. . . .

Paragraph (2) bars a joint return for a married taxpayer who initially filed a separate return if either spouse receives a notice of deficiency and files a petition with the Tax Court. **§ 6013(b)(2)(B)**.

The issue is whether a "separate return" as used in 6013(b)(1) includes a head-of-household return. If Ibrahim's head-of-household return was a "separate return" under § 6013(b)(1), he could not make a joint return because he received and challenged the notice of deficiency. However, if his head-of-household return was not a separate return, the limitations of § 6013(b)(2)(B) do not apply.

To interpret the Code, this court begins "'with the language of the statute.'" **Knight v. Comm'r**, 552 U.S. 181, 187 (2008), *quoting* **Williams v. Taylor**, 529 U.S. 420, 431 (2000). *See also* **United States v. S.A.**, 129 F.3d 995, 998 (8th Cir. 1997) (noting unambiguous language is "conclusive absent clear legislative intent to the contrary"). This court examines "the clause at issue and the statute as a whole." **United States v. Ashcraft**, 732 F.3d 860, 862 (8th Cir. 2013). *See also* **Robinson v. Shell Oil Co.**, 519 U.S. 337, 341 (1997) ("The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.").

The "'normal rule of statutory construction [is] that identical words used in different parts of the same act are intended to have the same meaning.'" **Comm'r v. Lundy**, 516 U.S. 235, 250 (1996), *quoting* **Sullivan v. Stroop**, 496 U.S. 478, 484

(1990); *Comm'r v. Keystone Consol. Indus., Inc.*, 508 U.S. 152, 159 (1993) ("Further, the Code must be given as great an internal symmetry and consistency as its words permit.") (internal quotation marks omitted). It is the "duty" of this court "to find that interpretation which can most fairly be said to be imbedded in the statute, in the sense of being most harmonious with its scheme and with the general purposes that Congress manifested." *Comm'r v. Engle*, 464 U.S. 206, 217 (1984) (internal quotation marks omitted). "Common sense should play a part in all court decisions, including those involving the construction of tax statutes." *Glaze v. United States*, 641 F.2d 339, 344 (5th Cir. 1981), *citing* *Comm'r v. Meyer*, 139 F.2d 256, 259 (6th Cir. 1943), *also adopted as circuit law by* *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

Section 6013(b)(1) does not define "separate return," although it uses the term four times. The Commissioner argues that a separate return is *any* return except a joint return. Ibrahim argues, in the words of the Fifth Circuit, that "the word 'separate' can only be deemed to refer to the filing status of 'married, filing separately.'" *Glaze*, 641 F.2d at 342. Viewed alone, § 6013(b)(1) is ambiguous. In order to determine the meaning of "separate return" in § 6013(b)(1), this court considers the Code as a whole and the legislative history of § 6013.

II.

"Separate return" appears numerous times throughout the Code. The Code first uses "separate return" in the subheading of § 1(d): "**Married individuals filing separate returns.**" The body of the subsection states, "There is hereby imposed on the taxable income of every married individual (as defined in section 7703) who does not make a single return jointly with his spouse under section 6013, a tax determined in accordance with the following table . . . ." **§ 1(d)**. In the first section of the Code, which imposes income tax, "separate returns" means "married filing separately." Similarly, § 6654(d)(1)(C)(ii)—titled "**Separate returns**"—applies only "[i]n the

-4-

case of a married individual (within the meaning of section 7703) who files a separate return . . . ."

Both sections 1(d) and 6654(d)(1)(C)(ii) require the individual be married within the meaning of § 7703 to file a separate return. Section 7703, which addresses the determination of marital status, also uses "separate return." Section 7703(a) gives the general rule for "married." Section 7703(b) creates a special rule: An abandoned spouse—"who is married," "files a separate return," and supports a child—is considered *not married*. **§ 7703(b)(1)-(3)**. After an abandoned spouse "who files a separate return" meets the other criteria in § 7703(b)(1)-(3), the spouse qualifies for unmarried head-of-household status[2] instead of married-filing-separately status. *See* **§ 21(e)(4)(A)** (using same language "who files a separate return"), *interpreted by* **Treas. Reg. § 1.21-3** (describing § 21(e)(4) as synonymous with § 7703(b)). *But cf.* ***Habersham-Bey v. Comm'r***, 78 T.C. 304, 317 (1982) (interpreting what is now § 7703(b), ruling that "who files a separate return" is a requirement that the taxpayer "be treated as filing separately for income tax purposes because a joint return was not filed with the taxpayer's spouse, rather than as a strict requirement that the taxpayer in fact file a separate return"). "Separate return" in § 7703(b) refers to a married-filing-separately return made by a taxpayer who is considered married. Conversely, head-of-household taxpayers, considered "not married," may not make joint or separate returns.[3]

---

[2]In order to file as head of household, the taxpayer must be considered *not married*. **§§ 2(b)(1)** (An individual is head of household "if, and only if, such individual is *not married* at the close of his taxable year . . . ." (Emphasis added)), **2(c)** ("[A]n individual shall be treated as *not married* at the close of the taxable year if such individual is so treated under the provisions of section 7703(b)." (Emphasis added)).

[3]*See* 2014 IRS Pub. 501, "Exemptions, Standard Deduction, and Filing Information," at 6, *available at* http://www.irs.gov/pub/irs-pdf/p501.pdf ("In general, your filing status depends on whether you are considered unmarried or married.");

Other sections of the Code follow suit. Section 36 (first-time homebuyer credit) states, "**Married individuals filing separately.**--In the case of a married individual filing a *s*eparate return, subparagraph (A) shall be applied by substituting '$4,000' for '$8,000'." **§ 36(b)(1)(B)**. *See also* **§ 1400C(e)(1)(A)** (first-time homebuyer credit for District of Columbia). Section 6012(a)(1)(A) (persons required to make returns of income) lists exemption amounts for individuals filing as: not married, head-of-household, surviving spouse, or jointly. **§ 6012 (a)(1)(A)(I)-(iv)**. Section 6012(a)(1)(A) expressly distinguishes a separate return from the enumerated statuses, providing that "such spouse" who makes "a separate return" is not entitled to a special exemption amount.

Notably, even where the Code does not expressly denote that only married individuals can file a separate return, the Commissioner has issued guidance that "separate return" still means "married filing separately." For example, § 6015(d)(3)(a) (relief from joint and several liability) addresses allocations to innocent spouses as "if the individuals had filed separate returns." While there is no qualifier denoting marriage as a requirement to file "separate returns," the Internal Revenue Manual—a comprehensive guide for IRS employees—uses "married filing separate" to explain the allocation in § 6015(d)(3)(a). *See* Internal Revenue Manual "Relief from Joint Liability" § 25.15.1.2.3 and .4, *available at* http://www.irs.gov/irm/part25/irm_25-015-001.html ("The account should be

---

2014 IRS Pub. 504, "Divorced or Separated Individuals," at 3, *available at* http://www.irs.gov/pub/irs-pdf/p504.pdf ("If you are unmarried, your filing status is single or, if you meet certain requirements, head of household or qualifying widow(er). If you are married, your filing status is either married filing a joint return or married filing a separate return."); 2014 IRS Pub. 17, at 21, 228 *available at* http://www.irs.gov/pub/irs-pdf/p17.pdf ("If you qualify to file as head of household instead of married filing separately . . . .").

adjusted to reflect a married filing separate return being filed by both spouses.").[4]  In these sections—and other sections cited in the Appendix at the end of this opinion—"separate return" means a "married filing separately" return.

Throughout the Code, a "separate return" is an option only for "married individuals," "spouses," or "husband and wife."  The Commissioner argues that the main section at issue in this case—§ 6013(b)(1)—should be interpreted differently because it uses "individual" without any such qualifier, thus implying any person filing a return.  This argument fails, as § 6013(b)(1) includes the following qualifiers to delineate "separate return": (1) "if an individual has filed a separate return for a taxable year for which a joint return could have been made by him and his *spouse*," (2) "the separate return of either *spouse*," and (3) "made by either *spouse* in his separate return."  (Emphases added).

Because the Code consistently uses "separate return" to exclusively mean "married filing separately," the identical words "separate return" have the same meaning in § 6013(b)(1).  *See **Lundy***, 516 U.S. at 250. To interpret otherwise would contradict the plain language and harmony of the Code.  *See **Engle***, 464 U.S. at 217. Interpreting the Code as a whole, § 6013(b)(1) does not include a head-of-household return as a separate return.  *See **Morgan v. Comm'r***, 807 F.2d 81, 85 (6th Cir. 1986) ("Use of the word 'separate' can only be deemed to refer to the filing status of 'married, filing separately.'"); ***Glaze***, 641 F.2d at 342 (§ 6013 "was never intended to cover situations . . . where a taxpayer erroneously lists his status as single rather than married").  *Cf. **Phillips v. Comm'r***, 851 F.2d 1492, 1497 (D.C. Cir. 1988) (holding that the "clear wording of" § 6013(a) allows spouses to file either separate

---

[4]While the IRM may not bind the Commissioner, it does show the meaning of "separate return" used in everyday tax administration.  *See **Speltz v. Comm'r***, 124 T.C. 165, 178 (2005) *aff'd,* 454 F.3d 782, 785 & n.2 (8th Cir. 2006) (using IRM to interpret Code section).

or joint tax return, that § 6013(b) applies when spouses file a joint return after a separate return, and thus § 6013(b) does not apply when no return has been filed).

III.

The legislative history supports this definition of "separate return." *See S.A.*, 129 F.3d at 998. "The predecessor of section 6013(b) of the Code was enacted to enable married persons to correct elections originally made in the 'absence of informed tax knowledge not possessed by the average person.'" **Rev. Rul. 83-183**, 1983-2 C.B. 220, 221 (1983) (quoting **S. Rep. No. 82-781** (1951), *reprinted in* 1951 **U.S.C.C.A.N.** 1968, 2018-19). *See also* 97 **Cong. Rec.** 11,871-78 (daily ed. Sept. 19, 1951) (statement of Sen. George), *reprinted in* 1951 **U.S.C.C.A.N.** 2099, 2101-02 (discussing head-of-household and separate returns); *Glaze*, 641 F.2d at 342 ("It is clear that Section 6013 was enacted as a matter of legislative grace to permit married taxpayers to escape the adverse financial consequences resulting from an injudicious election to initially file separate returns rather than a single joint return.").

Congress created § 6013(b) to allow taxpayers to switch to a joint return after initially electing to file as married filing separately—either of which are proper elections. The purpose of allowing this switch was to relieve taxpayers from overpaying their taxes due to an improvident initial election between these two filing statuses. **S. Rep. No. 82-781**, 2018-19. Without § 6013, a (proper) married-filing-separately return could not be amended once it was filed. *See id.* at 2018 ("[M]arried taxpayers may file either separate returns or a single joint return. The election, once made, as to which type of return to file is binding with respect to the taxable year for which the return is filed.") "Overpayment of tax may be recovered regardless of whether it resulted from a mistake of fact or of law," and courts should allow refunds to avoid placing hardship upon the taxpayer, unless the plain language of the section states otherwise. *Glaze*, 641 F.2d at 343.

Section 6013(b)(2) applies only after the taxpayer first files as married filing separately and then amends his or her initial election to married filing jointly. However, Ibrahim did not ever make an election to file as married filing separately. *See* **Morgan**, 807 F.2d at 85 (finding § 6013 "requires a previous *election* by a married person. That this is a foundational threshold to any application of Section 6013 is apparent from the language contained in the statute itself, the regulations, the legislative history and even the appellant's brief"). He now seeks a refund for his overpayment in his mistaken head-of-household return. To prohibit him from doing so, when he has yet to make an election, goes against the plain language and purpose of the section.

The Commissioner believes that "separate return" cannot mean only "married filing separately" because when § 6013 was enacted in 1951, "married filing separately" status did not exist. *See* **Revenue Act of 1951**, Pub. L. No. 82-183, § 312, 65 Stat. 452, 488-90 (1951) (enacting predecessor to § 6013); **Tax Reform Act of 1969**, Pub. L. No. 91-172, § 803(a), 83 Stat. 487, 681-82 (1969) (enacting separate tax schedules for married taxpayers filing separately). The Commissioner is incorrect. Form 1040 for 1951 lists "married person filing separately" in its tax table (with the same rate as single taxpayers). **U.S. Individual Income Tax Return for Calendar Year 1951**, at 4, *available at* http://www.irs.gov/pub/irs-prior/f1040--1951.pdf. The 1952 tax-form instructions—interpreting the 1951 Act—repeatedly use "separate returns" and allow only married taxpayers to file a "separate return," with different directions for head-of-household taxpayers. **These Are Your Income Tax Forms for 1952**, at 4, *available at* http://www.irs.gov/pub/irs-prior/i1040--1952.pdf. Even in 1952, "separate return" did not apply to those filing as head of household.

The Commissioner also invokes Revenue Ruling 83-183. "Although not binding on this court, when a Revenue Ruling reflects a longstanding and reasonable interpretation of the agency's regulations, the Ruling attracts substantial judicial

deference." *Morehouse*, 769 F.3d at 620. The Revenue Ruling says that "the reference in section 6013(b) to the prior filing of a separate return, which was taken verbatim from section 51(g) of the Internal Revenue Code of 1939, should be viewed as a reference to the filing of any non-joint return under section[] 1(b) (head of household) . . . ." **Rev. Rul. 83-183**, at 221. *See also* **I.R.S. Chief Counsel Notice CC-2006-010**, 2006 WL 587325 (Mar. 2, 2006) (disagreeing with *Glaze*). The Revenue Ruling's interpretation unreasonably includes head-of-household returns (which consider taxpayers not married) as separate returns in § 6013, which applies to married taxpayers. The Revenue Ruling does not overcome the Code's plain language that "separate return" refers only to married filing separately. *See* **§§ 1(d)**, **6654(d)(1)(C)(ii)**, **7703(b)**.

Since Ibrahim did not file a separate return within the meaning of § 6013(b)(1), section 6013(b)(2)(B) does not prohibit him from amending his status to married filing jointly. Thus, Ibrahim is entitled to the resulting credit and refund. *See* **§§ 6511(b)(2)**, **6512(b)(3)(B)**; *Lundy*, 516 U.S. at 241 (considering a "hypothetical claim for refund filed 'on the date of the mailing of the notice of deficiency,'" noting that "a taxpayer who seeks a refund in the Tax Court, like respondent, does not need to actually file a claim for refund with the IRS; the taxpayer need only show that the tax to be refunded was paid during the applicable look-back period").[5]

_____

[5]Contrary to the dissenting opinion, taxpayers do not need a separate Code section authorizing amendments to returns. Section 6511 (and IRS regulations) satisfy this "first step" by allowing taxpayers to correct their filing status through Form 1040X. **Treas. Reg. § 301.6402-3 (a)(2)**, **(5)**; *United States v. Jirak*, 728 F.3d 806, 809 n.2 (8th Cir. 2013) ("Form 1040X is used to report changes and corrections to a filed return."). *See also* 2014 IRS Pub. 17, at 17, *available at* http://www.irs.gov/pub/irs-pdf/p17.pdf ("You should correct your return if, after you have filed it, you find that: . . . (4) You should have claimed a different filing status."); 2014 Form 1040X, "Amended U.S. Individual Income Tax Return," *available at* http://www.irs.gov/pub/irs-pdf/f1040x.pdf. (Ibrahim qualified for a joint return and, in accordance with *Lundy*, did not need to file a 1040X after receiving a deficiency notice.)

\* \* \* \* \* \* \*

The decision of the Tax Court is reversed and remanded.

BYE, Circuit Judge, dissenting.

I disagree that Revenue Ruling 83-183's interpretation of § 6013 is an unreasonable interpretation. Instead, for purposes of § 6013, I believe it is reasonable to construe any non-joint returns, including head-of-household returns, as separate returns. I therefore respectfully dissent.

As the Supreme Court provided in Engle, the duty of an appellate court in interpreting statutory language is "to find that interpretation which can most fairly be said to be imbedded in the statute, in the sense of being most harmonious with its scheme and with the general purposes that Congress manifested." Comm'r v. Engle, 464 U.S. 206, 217 (1984) (internal citations omitted). The majority concludes because Ibrahim's head-of-household return does not constitute a separate return within the meaning of § 6013(b)(1), § 6013(b)(2)(B) does not prohibit him from amending his status to married filing jointly and he is entitled to the resulting credit and refund under § 6511.

When Congress created § 6013(b)(1) and § 6511, it created a two-step process – step one is to amend to a joint return under § 6013(b)(1) and step two is then to use that joint return as the operative return to seek a credit or refund under § 6511. Congress also provided in § 6013(b)(3)(B) when a joint return is deemed filed for purposes of § 6511 and its period of limitation. What is lacking from the majority's conclusion is support for the first step of the analysis – how the Code provides, without the operation of § 6013(b)(1), the ability of Ibrahim to amend his return to married filing jointly or when his amended joint return, which in this case would also implicate his spouse, was deemed filed for purposes of § 6511. Ibrahim also fails to

-11-

cite applicable Code provisions on appeal. If Congress intended for taxpayers to skip the first step of amending and simply seek a credit or refund under § 6511, it begs the question as to why Congress would have created § 6013(b)(1) at all. Moreover, the Supreme Court has recognized the Code does not generally "provide either for a taxpayer's filing, or for the Commissioner's acceptance, of an amended return; instead, an amended return is a creature of administrative origin and grace." Badaracco v. Comm'r, 464 U.S. 386, 393 (1984). In the case of amending to a joint return, however, Congress specifically created § 6013(b)(1) for taxpayers.

Further, since there is no Code provision other than § 6013(b)(1) which allows for the amendment to a joint return, then, under the majority's interpretation, § 6013(b)(1) would operate as a narrow exception available to only those taxpayers who initially filed a married filing separately return to amend their returns. Any individual who initially files anything other than a married filing separately return would be excluded from the protections for amending afforded by § 6013(b)(1). This narrow interpretation does not support Congress's purpose in creating § 6013(b)(1), which was to provide a means for taxpayers to amend their returns to joint returns to escape adverse financial consequences. Glaze v. United States, 641 F.2d 339, 342 (1st Cir. 1981). A more inclusive interpretation of an "individual [who] has filed a separate return" within § 6013(b)(1) does, however, serve Congress's purpose and would have allowed Ibrahim to amend his head-of-household return to a joint return if he had not fallen within § 6013(b)(2)(B). Without reading § 6013(b)(1) to have a more expansive reach, taxpayers are therefore left without the mechanism Congress created to amend their returns to married filing jointly. The IRS's interpretation in Revenue Ruling 83-183 is consistent with the Congressional purpose and provides the opportunity for a greater number of taxpayers to amend to a joint return.

Additionally, the way in which Congress drafted § 6013(b)(1) bolsters this conclusion. Although the Code includes "separate return" in numerous locations, see ante at 4-6, in the locations which include a phrase similar to that found in § 6013(b)(1), all of those locations except two, including in § 6013(b)(1), include a

-12-

qualifier prior to the word "individual" which indicates it is a "married individual" who is filing the separate return. By contrast, § 6013 merely includes the word "individual." As used elsewhere in the Code, "individual" connotes a broader meaning and includes both those who are married and unmarried. See 26 U.S.C. § 6012(a). Further, the filing status of "married filing separately" is defined as "married individuals filing separate returns," not "individuals filing separate returns." 26 U.S.C. § 1(d).

Moreover, the majority's reliance on the Internal Revenue Manual (IRM) to interpret § 6015(d)(3)(a), the other section which references individuals rather than married individuals filing separate returns, is misplaced. Although the IRM interprets this phrase as a "married filing separate return," "[i]t is universally held that the IRM does not have the force of law, does not confer rights on taxpayers, and is not binding on the IRS in litigation with taxpayers." United States v. Meisner, No. 8:05CV100, 2007 WL 1290088, at *7 (D. Neb. May 2, 2007) (citing Fargo v. Comm'r, 447 F.3d 706, 713 (9th Cir. 2006); Qureshi v. United States, 67 Fed. Cl. 783, 788 (2005); Carlson v. United States, 126 F.3d 915, 922 (7th Cir. 1997); Groder v. United States, 816 F.2d 139, 142 (4th Cir. 1987); United States v. Horne, 714 F.2d 206, 207 (1st Cir. 1983); United States v. Will, 671 F.2d 963, 967 (6th Cir. 1982); Wood v. Comm'r (In re Wood), 328 B.R. 880, 887-88 (Bankr. S.D. Fla. 2005); Cennamo v. United States (In re Cennamo), 147 B.R. 540, 543 (Bankr. C.D. Cal. 1992)). Provisions contained in the IRM "only govern the internal affairs of the Internal Revenue Service." United States v. McKee, 192 F.3d 535, 540 (6th Cir. 1999) (internal quotation marks omitted).

The IRM's interpretation of the phrase in § 6015(d)(3)(A) also conflicts with the IRS's interpretation of the phrase in Revenue Ruling 83-183. Unlike provisions of the IRM, revenue rulings are the "I.R.S.'s official interpretation about how the laws apply to a set of facts[,]" Peterson v. United States, 6 F. App'x 547, 549 (8th Cir. 2001), and "[a]lthough [they] do not have the force of law, they are entitled to respectful consideration, and are to be given weight as expressing the studied view

-13-

of the agency whose duty it is to carry out the statute," <u>North Dakota State University v. United States</u>, 255 F.3d 599, 603 n.6 (8th Cir. 2001) (internal quotation marks omitted). Moreover, the IRS considers revenue rulings as "authoritative and binding." <u>Bankers Life and Cas. Co. v. United States</u>, 142 F.3d 973, 978 (7th Cir. 1998); <u>see also</u> 26 C.F.R. § 601.201. Consequently, more weight should be given to the interpretation found in Revenue Ruling 83-183 than the provision cited by the majority in the IRM because it is a revenue ruling which interprets the specific Code section at issue in this case.

Lastly, I also disagree with the majority's conclusion that the Code consistently uses "separate return" to exclusively mean "married filing separately." In § 7703(b)(1), the Code references "an individual who is married . . . and who files a separate return." If "separate return" refers solely to the status of "married filing separately," it would be superfluous for the subsection to indicate the individual is also married; instead, the subsection would merely need to read "an individual who files a separate return."

For these reasons, I would affirm the decision of the Tax Court.

_____

# Appendix

| "Separate return" appears in: | IRS Interpretation: |
|---|---|
| § 21(e)(4); § 129(a)(2)(A), (C) | 2014 Instructions for Form 2441, "Child and Dependent Care Expenses," at 2, *available at* http://www.irs.gov/pub/irs-pdf/i2441.pdf ("If your filing status is married filing separately and all of the following apply, you are considered unmarried . . ."). *See also* 2014 IRS Pub. 503, "Child and Dependent Care Expenses," at 4, *available at* http://www.irs.gov/pub/irs-pdf/p503.pdf (credit unavailable to taxpayers with married-filing-separately status). [§ 21(e)(4) contains same language as § 7703(b).] |
| § 22(c)(2)(A)(iii), (d)(3) | 2014 IRS Pub. 524, "Credit for the Elderly or the Disabled," at 5, 6, 7, 9, *available at* http://www.irs.gov/pub/irs-pdf/p524.pdf (differentiating "head of household" from "married filing separately") |

| | |
|---|---|
| § 24(b)(2) | 2014 IRS Pub. 17, at 22, 221, *available at* http://www.irs.gov/pub/irs-pdf/p17.pdf ("If you choose married filing separately as your filing status," then "the child tax credit" is "reduced at income levels half those for a joint return," and "Married filing separately - $55,000"); 2014 IRS Pub. 972, "Child Tax Credit," at 3, *available at* http://www.irs.gov/pub/irs-pdf/p972.pdf (differentiating "head of household" from "married filing separately") |
| § 25A(g)(6) | 2014 IRS Pub. 17, at 22, 223, *available at* http://www.irs.gov/pub/irs-pdf/p17.pdf (cannot claim credit if "[y]our filing status is married filing separately"); 2014 IRS Pub. 970, "Tax Benefits for Education," at 22, *available at* http://www.irs.gov/pub/irs-pdf/p970.pdf (Cannot claim lifetime learning credit if "[y]our filing status is married filing separately"). |
| § 35(g)(5)(C) | 2014 IRS Pub. 5121, "Affordable Care Act: Individuals & Families," at 2, *available at* http://www.irs.gov/pub/irs-pdf/p5121.pdf (eligible for credit if you "do not file a Married Filing Separately return") |

| § 38(c)(6)(A) | 2014 Instructions for Form 3800, "General Business Credit," at 3, *available at* http://www.irs.gov/pub/irs-pdf/i3800.pdf ("See section 38(c)(6) for special rules that apply to married couples filing separate returns") |
|---|---|
| § 55(b)(1)(A)(iii) | 2014 Instructions for Form 6251, "Alternative Minimum Tax–Individuals," at 1, 9, *available at* http://www.irs.gov/pub/irs-pdf/i6251.pdf ("if married filing separately") |
| § 63(c)(6)(A), (e)(3) | 2014 IRS Pub. 17, at 139, *available at* http://www.irs.gov/pub/irs-pdf/p17.pdf ("Your filing status is married filing separately, and your spouse itemizes deductions on his or her return.") |
| § 68(b)(1)(D) | 2014 IRS Pub. 17, at 201, *available at* http://www.irs.gov/pub/irs-pdf/p17.pdf (itemized deduction limit lower "if married filing separately") |
| § 135(d)(3) | 2014 IRS Pub. 970, "Tax Benefits for Education," at 64, *available at* http://www.irs.gov/pub/irs-pdf/p970.pdf ("Your filing status is not married filing separately") |
| § 151(d)(3)(B) | 2014 IRS Pub. 17, at 25, *available at* http://www.irs.gov/pub/irs-pdf/p17.pdf (differentiating "head of household" from "married individual filing a separate return") |

| | |
|---|---|
| § 163(h)(4)(A)(ii) | 2014 IRS Pub. 936, "Home Mortgage Interest Deduction," at 2-4, *available at* http://www.irs.gov/pub/irs-pdf/p936.pdf ("**Separate returns.** If you are married filing separately") |
| § 165(l)(5)(B)(ii) | 2014 IRS Pub. 547, "Casualties, Disasters, and Thefts," at 4, *available at* http://www.irs.gov/pub/irs-pdf/p547.pdf ("if you are married filing separately") |
| § 179(b)(4) | 2014 IRS Pub. 946, "How to Depreciate Property," at 20, *available at* http://www.irs.gov/pub/irs-pdf/p946.pdf ("If you are married, how you figure your section 179 deduction depends on whether you file jointly or separately.") |
| § 194(b)(1)(B)(ii) | 2014 IRS Pub. 535, "Reforestation Expenses," at 24, *available at* http://www.irs.gov/pub/irs-pdf/p535.pdf ("if married filing separately") |
| § 219(g)(3)-(4) | 2014 IRS Pub. 17, at 123, *available at* http://www.irs.gov/pub/irs-pdf/p17.pdf (differentiating "married filing separately" from "head of household") |
| § 222(d)(4) | 2014 IRS Pub. 970, "Tax Benefits for Education," at 38, *available at* http://www.irs.gov/pub/irs-pdf/p970.pdf (cannot claim the tuition and fees deduction if "[y]our filing status is married filing separately") |

| | |
|---|---|
| § 408A(c)(3)(B)(ii) | 2014 IRS Pub. 590-A, "Contributions to Individual Retirement Arrangements (IRAs)," at 39, 42, *available at* http://www.irs.gov/pub/irs-pdf/p590a.pdf (differentiating "married filing separately" and living with spouse from "head of household") |
| § 469(i)(5) | 2014 IRS Pub. 925, "Passive Activity and At-Risk Rules," at 4, *available at* http://www.irs.gov/pub/irs-pdf/p925.pdf ("if you are married filing separately") |
| § 911(d)(9)(B) | 2014 IRS Pub. 54, "Tax Guide for U.S. Citizens and Resident Aliens Abroad," at 8, *available at* http://www.irs.gov/pub/irs-pdf/p54.pdf ("if you are married and file separately") |
| § 1044(b)(3)(A) | 2014 IRS Pub. 17, at 109, *available at* http://www.irs.gov/pub/irs-pdf/p17.pdf ("if married filing separately") |
| § 1202(b)(3)(A) | 2014 IRS Pub. 550, "Investment Income and Expenses," at 67, *available at* http://www.irs.gov/pub/irs-pdf/p550.pdf ("for married individuals filing separately") |

| | |
|---|---|
| § 1211(b)(1) | 2014 IRS Pub. 17, at 22, *available at* http://www.irs.gov/pub/irs-pdf/p17.pdf (capital loss deduction limit for married filing separately status); 2014 Instructions for Schedule D, "Capital Gains and Losses," at D-3, *available at* http://www.irs.gov/pub/irs-pdf/i1040sd.pdf ("if married filing separately") |
| § 1398(c) | 2014 IRS Pub. 908, "Bankruptcy Tax Guide," at 7, *available at* http://www.irs.gov/pub/irs-pdf/p908.pdf ("for a married individual filing separately") |
| § 1401(b)(2)(A) | IRS, "Topic 554 - Self-Employment Tax," *available at* http://www.irs.gov/taxtopics/tc554.html ("for a married individual filing a separate return") |
| § 1411(b) | IRS, "Questions and Answers on the Net Investment Income Tax," *available at* http://www.irs.gov/uac/Newsroom/Net-Investment-Income-Tax-FAQs (differentiating "married filing separately" from "head of household") |
| § 3101(b)(2)(B) | IRS, "Affordable Care Act Tax Provisions," *available at* http://www.irs.gov/Affordable-Care-Act/Affordable-Care-Act-Tax-Provisions ("for married taxpayers who file separately") |

| | |
|---|---|
| § 6015(d)(3)-(4) | IRS Manual, "Relief from Joint Liability," § 25.15.1.2.3 and .4, , *available at* http://www.irs.gov/irm/part25/irm_25-015-001.html ("The account should be adjusted to reflect a married filing separate return being filed by both spouses."). [Like § 6013(b)(1), this section uses the term "individual" without using the term "married."] |