T.C. Memo. 2017-214

UNITED STATES TAX COURT

CHRISTY LYN GODSEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10148-16.                          Filed October 31, 2017.

<u>Bryant T. Hinkley</u>, for petitioner.

<u>Jeri L. Acromite</u> and <u>Miles B. Fuller</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  After concessions, the issue for decision is whether

petitioner may change her 2014 filing status from "head of household" to "married

filing jointly".

[*2]                    FINDINGS OF FACT

During 2014 petitioner was married to, and living with, James Godsey, who did not receive income or file a tax return relating to 2014.  Petitioner timely filed her 2014 Form 1040A, U.S. Individual Income Tax Return, and mistakenly claimed "head of household" filing status.  In a notice of deficiency issued on February 8, 2016, respondent determined petitioner was not entitled to "head of household" filing status and recalculated her tax liability pursuant to "single" tax rates.  Petitioner, while residing in Utah, timely filed a petition with the Court on May 2, 2016, in which she sought to change her 2014 filing status to "married filing jointly".

                           OPINION

Petitioner meets the "married filing jointly" status requirements, does not meet the "head of household" or "single" filing status requirements, and thus is entitled to "married filing jointly" status.[1]  See secs. 1, 2, 6013, 7703; Ibrahim v. Commissioner, 788 F.3d 834, 840 (8th Cir. 2015) (holding that a married taxpayer who erroneously filed a "head of household" return could file jointly), rev'g and remanding T.C. Memo. 2014-8; Camara v. Commissioner, 149 T.C. ___, ___ (slip

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code relating to the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** op. at 23-24) (Sept. 28, 2017) (stating that a married taxpayer may correct a "single" or "head of household" filing status claimed in error).

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.